IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ZARN, INC.,

    Plaintiff,

vs.                                No. CIV 97-285 JP/JHG

BEDFORD ENTERPRISES & WASTE
EQUIPMENT CORP.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On September 25, 2002, the Defendant, now known as Bedford Enterprises, Inc., filed three motions:

- Motion to Stay Action (Doc. No. 46)
- Motion to Set Aside Stipulated Judgment as Being Fully Satisfied (Doc. No. 48)
- Motion for Protective Order (Doc. No. 50)

Because this case will be consolidated with Bedford Enterprises, Inc. v. Zarn, Inc., No. CIV 02-1371 MV/LFG, the Motion to Stay Action (Doc. No. 46) will be denied as moot; the Motion to Set Aside Stipulated Judgment as Being Fully Satisfied (Doc. No. 48) will be denied; and the Motion for Protective Order (Doc. No. 50) will be granted in that discovery should proceed under the pre-judgment discovery rules instead of under FED. R. CIV. P. 69(a).

### BACKGROUND

This case, filed in 1997 by Zarn, Inc. against Bedford Enterprises & Waste Equipment Corp. ("Bedford") was finally settled by the entry of a Stipulated Judgment (Doc. No. 41) on April 14, 1998. The parties stipulated that Zarn would have judgment against Bedford in the amount of $150,000. Bedford was to pay $50,000 immediately and the balance in equal payments

of $1,200 each month for seven years. Zarn agreed to forbear charging interest as long as the monthly payments were timely made. However, if a payment was thirty days late, Zarn was allowed to file an Affidavit of Default and interest would begin to run. The parties agreed to dismiss their remaining claims and the pending appeal.

All apparently went well until February, 2001. Bedford stopped making its monthly payments to Zarn, leaving $62,800 due under the terms of the Stipulated Judgment. At some point, Bedford and Zarn had entered into an Independent Contractor's Agreement whereby Zarn supplied components for universal refuse containers used by the City of Albuquerque and Bedford assembled and repaired the containers. The parties then sold the containers to the City. The term of the agreement was one year, renewable annually. The parties disagree on when they first entered into the agreement, but they do agree that they began doing business together in accordance with their agreement. By February, 2001, however, Bedford claimed that Zarn owed it more under the terms of their agreement than the remaining $62,800 owed by Bedford to Zarn on the Stipulated Judgment. Bedford asked for a set-off against the Stipulated Judgment but Zarn disputed the amounts owed under their Independent Contractor's Agreement. Despite several months of communicating, the parties were unable to come to an agreement on the amounts owed to each other.

On August 5, 2002, Zarn served on Bedford, under FED. R. CIV. P. 69(a), its First Set of Interrogatories and its First Request for Production of Documents in Aid of Execution. On September 25, 2002, Bedford moved for a protective order concerning these two requests for post-judgment discovery, for an order setting aside the Stipulated Judgment as being fully satisfied, and for an order to stay these post-judgment proceedings. Zarn responded arguing, inter

alia, that the amounts owed to each other were contested and that set off was not appropriate.

On October 31, 2002, Bedford filed a new action in federal court, Bedford Enterprises, Inc. v. Zarn, Inc., No. CIV 02-1371 MV/LFG, which will be consolidated with this action. Bedford asked for damages on claims of breach of contract and on an open account. Bedford requested an offset on the Stipulated Judgment as well as a declaratory judgment that the Stipulated Judgment has been satisfied. Bedford also brought counts alleging malicious abuse of process and prima facie tort. Lastly, Bedford asked for a preliminary injunction enjoining Zarn from proceeding in its efforts to collect the balance allegedly due on the Stipulated Judgment.

## DISCUSSION

Bedford's Motion to Set Aside the Stipulated Judgment as Being Fully Satisfied (Doc. No. 48) will be denied because the parties are contesting the underlying facts concerning the debts owed to each other. Both Zarn and Bedford agree that the $62,800 has not been paid by Bedford in accordance with the terms of the Stipulated Judgment. But beyond that, the parties are in complete disagreement. Bedford, though the affidavit of its president, Larry Bedford, states that Zarn owed it over $300,000 by January 1, 2000 and that after a set off of the amount Bedford owed on the Stipulated Judgment, Zarn was indebted to Bedford in the amount of $267,362.03. On the other hand, Arthur Bennett, the Controller of Zarn, Inc., states in his affidavit that Bedford had wrongfully converted checks issued by the City of Albuquerque which had been made payable to both Bedford and Zarn, that invoices submitted by Bedford were incorrect, and that Bedford actually owes Zarn in excess of $141,000. Obviously, with contradictory affidavits submitted by the parties, the issue of whether the Stipulated Judgment is fully satisfied is far from resolved.

The disagreement the parties have about the amounts owed to each other will eventually

be resolved in the consolidated cases. The Court finds that a more orderly resolution of all issues in the consolidated cases will result if the parties begin by conferring about a discovery plan as required by FED. R. CIV. P. 26(f) to be followed by a Rule 16 scheduling conference before United States Magistrate Judge Lorenzo F. Garcia. Consequently, the Motion for Protective Order (Doc. No. 50) should be granted in that the parties should not be proceeding with discovery at this point under FED. R. CIV. P. 69(a) in aid of execution of the Stipulated Judgment.

IT IS THEREFORE ORDERED THAT:

1. The Motion to Stay Action (Doc. No. 46) is denied as moot;

2. The Motion to Set Aside Stipulated Judgment as Being Fully Satisfied (Doc. No. 48) is denied; and

3. The Motion for Protective Order (Doc. No. 50) is granted in that the parties are not, at this time, to proceed with discovery under FED. R. CIV. P. 69(a).

*James A. Parker*
_____
CHIEF UNITED STATES DISTRICT JUDGE